IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| GIANT A & M, INC., ) | |
| ) | CASE NO. BK12-82208-TLS |
| Debtor(s). ) | A12-8085-TLS |
| CHRIS MERKEL and KAMI MERKEL, ) | |
| ) | |
| Plaintiffs, ) | CHAPTER 11 |
| ) | |
| vs. ) | |
| ) | |
| GIANT A & M, INC., and LYNN MADSEN, ) | |
| ) | |
| Defendants. ) | |

REPORT & RECOMMENDATION

This matter is before the court on the defendant-debtor's notice of removal (Fil. No. 1) and responses by the plaintiffs (Fil. No. 7) and the co-defendant (Fil. No. 9). Howard T. Duncan represents the debtor, Kyle C. Dahl represents the co-defendant, and David A. Domina represents the plaintiffs.

This lawsuit was originally filed in the District Court of Madison County, Nebraska, on July 16, 2012, alleging trespass, civil conspiracy, aiding and abetting, and breach of contract by the defendants. The defendant Giant A & M, Inc., filed a Chapter 11 bankruptcy petition on September 28, 2012. The debtor's attorney then removed the state court lawsuit to this court on December 26, 2012, where it was filed as the above-captioned adversary proceeding.

The plaintiffs requested a jury trial in their state-court complaint, and they renewed that request in their response to the notice of removal. They also ask that the reference of the case to the bankruptcy court be withdrawn so the matter can be tried by the district court.

While the plaintiffs initially filed claims against the bankruptcy estate, which would subject them to the equitable jurisdiction of the bankruptcy court and waive their right to a jury trial, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14 (1989) (citing *Katchen v. Landy*, 382 U.S. 323 (1966)), they have withdrawn those claims in order to pursue their remedies at law. *See Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995) (holding that the successful withdrawal of a claim pursuant to Fed. R. Bankr. P. 3006 "renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought").

Factors such as the extent to which issues of state law predominate over bankruptcy issues, the presence of non-debtor parties, and the existence of the right to a jury trial would also favor this

court's abstention of the exercise of its jurisdiction under 28 U.S.C. § 1334(c)(1). *See, e.g.*, *Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769-70 (B.A.P. 8th Cir. 2009).

For these reasons, I respectfully recommend to the United States District Court for the District of Nebraska that it withdraw the reference of this adversary proceeding to move forward with the parties' litigation.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED:      February 5, 2013

RESPECTFULLY SUBMITTED,

  /s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Howard T. Duncan
    Kyle C. Dahl
    David A. Domina
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.